**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ROBYN COLLINS,<br><br>Plaintiff,<br><br>v.<br><br>KELVIN YOUNG and ROEHL TRANSPORT, INC., a corporation,<br><br>Defendants. | ) | Case No.: 24-cv-03871<br>Removed from: Circuit Court of Cook; 2024 L 002574<br><br>**PLAINTIFF DEMANDS TRIAL BY JURY** |

**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE AND MOTION FOR BRIEF EXTENSION OF EXPERT DISCLOSURE DEADLINE**

Plaintiff, ROBYN COLLINS, by and through her attorneys, respectfully submits this Response to the Court's September 4, 2026 Order to Show Cause and respectfully requests a brief extension of time to complete Plaintiff's expert disclosures. In support thereof, Plaintiff states as follows:

1. On September 4, 2026, this Court entered an Order directing Plaintiff to show cause by September 16, 2026, as to why Plaintiff has not waived her ability to provide expert testimony pursuant to Federal Rule of Civil Procedure 37(c)(1).

2. Plaintiff respectfully acknowledges the Court's concerns regarding the expert disclosure deadline and Plaintiff's participation in the preparation of the parties' most recent joint status report.

3. Plaintiff's present handling counsel, Jack A. McCormack, is leaving his law firm at the end of September 2026. As a result, this matter is presently in the process of being transitioned and reassigned to another attorney within Plaintiff's counsel's firm who will assume responsibility for the continued prosecution of this action.

4. The transition in handling counsel contributed to an inadvertent breakdown in communication concerning the preparation of the parties' most recent joint status report. Counsel for Defendants, John Bickley, has acknowledged the confusion surrounding the change in Plaintiff's handling attorney and that the new handling attorney was inadvertently not included in communications concerning the joint status report.

5. Plaintiff respectfully represents that the failure to participate in the preparation of the joint status report was inadvertent and was not the result of bad faith, willful disregard of the Court's Orders, or any intention to delay these proceedings.

6. With respect to Plaintiff's expert disclosures, Plaintiff respectfully requests a brief extension of the applicable deadline so that the attorney assuming responsibility for this matter may complete the necessary review of the case, coordinate the appropriate expert review, and serve Plaintiff's expert disclosures.

7. A brief extension is additionally warranted because medical records from several of Plaintiff's medical providers located in Indiana remain outstanding. Defendants have subpoenaed these records, but, to Plaintiff's understanding, Defendants have not yet received the records either.

8. These outstanding medical records are relevant to the evaluation of Plaintiff's medical history, injuries, treatment, and the issues to be addressed by the parties' retained experts.

Because the subpoenaed records have not yet been produced, neither party presently has the benefit of a complete set of the relevant medical records for purposes of expert review.

9. Plaintiff respectfully submits that requiring Plaintiff to complete her expert disclosures before these outstanding subpoenaed medical records are received and reviewed would impair the ability of Plaintiff's experts to conduct a complete and informed evaluation of the relevant medical evidence. Plaintiff therefore requests a brief extension to permit receipt and review of the outstanding records and to allow the attorney assuming responsibility for this matter a reasonable opportunity to complete Plaintiff's expert disclosures.

10. Plaintiff's failure to complete the expert disclosures by the previously ordered deadline was not willful, undertaken in bad faith, or intended to delay these proceedings. Rather, the deadline arose during a transition in handling counsel while material medical records subpoenaed by Defendants remained outstanding and unavailable to both parties.

11. Plaintiff further submits that a brief extension will not unfairly prejudice Defendants. Defendants are themselves awaiting the subpoenaed Indiana medical records and therefore are aware that the medical record collection remains incomplete. The requested extension would permit both parties and their experts to evaluate the same outstanding medical evidence once received. Any necessary corresponding adjustment to Defendants' expert disclosure or expert deposition deadlines can likewise be made to ensure that Defendants receive a full and fair opportunity to respond to Plaintiff's expert disclosures.

12. Federal Rule of Civil Procedure 37(c)(1) provides that exclusion is not required where a failure to timely disclose is substantially justified or harmless. Plaintiff respectfully submits that the circumstances described above support permitting a brief extension and that

allowing Plaintiff additional time to complete her expert disclosures will not unfairly prejudice Defendants.

13. Plaintiff further respectfully submits that the requested extension will permit this matter to proceed on its merits while allowing incoming handling counsel a reasonable opportunity to review the file, obtain and review the outstanding medical records, and complete the expert disclosure process.

14. Plaintiff recognizes the importance of compliance with the Court's deadlines and Orders and respectfully assures the Court that Plaintiff and her counsel will work diligently to complete the transition of this matter, cooperate with Defendants in all remaining discovery, and comply with all future deadlines established by this Court.

**WHEREFORE**, Plaintiff, ROBYN COLLINS, respectfully requests that this Honorable Court discharge the September 4, 2026 Order to Show Cause, find that Plaintiff has not waived her ability to present expert testimony, grant Plaintiff a brief extension of time to serve her expert disclosures, and grant such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

SOBO AND SOBO L.L.P.,

By:



JACK A. MCCORMACK #6344083
**ATTORNEY FOR PLAINTIFF**

Jack A. McCormack
**SOBO & SOBO, LLP**
5764 S Archer Avenue
Chicago, IL 60638
Phone: (773) 596-8957

Fax: (845)343-0929
Cook County Firm ID: 101157
jmccormack@sobolaw.com